IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

YUNIOR ANDRES GARCIA MONTERO,           )
and MARIOLY FRANCYS GARCIA DIAZ,        )
as next of Yunior Andres Garcia Montero, )
                                        )
    Petitioner,                         )
                                        )
v.                                      )    Case No. CIV-26-708-G
                                        )
SCARLETT GRANT, Warden                  )
of Cimarron Correctional Facility et al, )
                                        )
    Respondents.                        )

## ORDER

Yunior Andres Garcia Montero, who is currently detained in the Cimmaron Correctional Facility, by the United States Immigration and Customs Enforcement (ICE), is named as Petitioner in this 28 U.S.C. § 2241 habeas corpus action. (ECF No. 1). A layperson named Marioly Francys Garcia Diaz, purports to have filed the petition as Petitioner's "Next Friend." (ECF No. 1-3:1). United States District Judge Charles Goodwin has referred the matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). *See* ECF No. 8.

Because the Petition is not signed by Yunior Andres Garcia Montero, the Petition is deficient, and Yunior Andres Garcia Montero must file an amended petition. For the following reasons this matter may not proceed until this deficiency is cured.

## I.    YUNIOR ANDRES GARCIA MONTERO HAS NOT SIGNED THE PETITION

Although named as Petitioner, Yunior Andres Garcia Montero has not signed the petition for writ of habeas corpus. *See* ECF No. 1:1. Habeas Corpus Rule 2(c)(5) provides

that "the petition must . . . be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." And Fed. R. Civ. P. 11(a) requires "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."

## II.  MARIOLY FRANCYS GARCIA DIAZ HAS NOT ESTABLISHED NEXT FRIEND STANDING

A "next friend" may pursue relief on behalf of a detained person who is unable to seek relief on his own. *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). But "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id*. at 163. This is because the next friend doctrine "was not intended" to be available, "as a matter of course," "[to] intruders or uninvited meddlers, styling themselves next friends." *Id*. at 164 (internal quotation marks omitted). "Indeed, if there were no restriction on 'next friend' standing in federal courts, the litigant asserting only a generalized interest in constitutional governance could circumvent the jurisdictional limits of Art[icle] III simply by assuming the mantle of 'next friend.'" *Id*.

So, to pursue a case as a next friend, the proposed next friend must show "that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." *Id*. at 165; *see also Williams*, 1999 WL 34856, at *5 ("A next friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition."); Rule 2(c)(5), Rules Governing Section 2254 Cases in the United States District Courts, advisory committee note to 2004 amendments ("The Committee envisions that the courts would apply [the]

. . . 'next friend' standing analysis [set forth in *Whitmore*] in deciding whether the signer was actually authorized to sign the petition on behalf of the petitioner."). The proposed next friend must also demonstrate they are "truly dedicated to the best interests of the person on whose behalf he seeks to litigate" and "have some significant relationship with the real party in interest." *Whitmore*, 495 U.S. at 163-64. The burden is on the next friend to "clearly establish the propriety of his status and thereby justify the jurisdiction of the court." *Id*. at 164; *see also Jiron v. Swift*, 671 F. App'x 705, 706 (10th Cir. 2016) (denying certificate of appealability and dismissing appeal of "next friend" who failed to satisfy the *Whitmore* factors for next friend standing); *Williams*, 1999 WL 34856, at *5 (holding that "a next friend applicant must explain why the detainee did not sign and verify the petition, and if he cannot do so, the court is without jurisdiction to consider it" (internal quotation marks omitted)).

Marioly Francys Garcia Diaz does not satisfy the *Whitmore* factors. As aunt of the Petitioner, she states that Octavio Enrique Espinoza Felizola "is detained in the Cimmaron Correctional Facility, and "due to his detention, physical condition, emotional distress, fear of retaliation he is unable to adequality represent himself or protect his legal rights." Further stating, the Petitioner has "expressly authorized [her] to act on his behalf." *See* ECF No. 1-3:1. However, these declarations alone do not demonstrate that Petitioner is unable to litigate his own case due to mental incapacity or lack of access to the courts. Petitioner's status as a detainee does not demonstrate that Petitioner was unable to file his petition justifying the need for a next friend. *See, e.g., Jiron,* 671 F. App'x at 706 (rejecting father's attempt to act as next friend when he failed to show how his daughter's

incarceration and failure to receive certain documents from the district court "interfered with her ability to communicate with the district court"). Accordingly, without proof of Petitioner's authorization and his inability to act on his own behalf, the Court declines to recognize Marioly Francys Garcia Diaz as Petitioner's "next friend." *Williams*, 166 F.3d 1223, at *5.

Further, even if Marioly Francys Garcia Diaz were to be appointed as Petitioner's next friend, she could not represent Yunior Andres Garcia Montero or sign filings on his behalf but would have to employ counsel to do so. *See Sutton v. Doe 1*, 736 F. App'x 212, 213 (10th Cir. 2018) ("However, pro se litigants, as [Plaintiff] is in this case, may not bring 'next friend' suits." (citing *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986))); *see also Franklin v. Dep't of Homeland Sec.,* No. 19-CV-00314, 2019 WL 2183411, at *2 (D. Colo. May 20, 2019) (R&R) (applying the *Meeker* rule to a § 2241 habeas proceeding).

## III.   MARIOLY FRANCYS GARCIA DIAZ IS NOT AN ATTORNEY

Marioly Francys Garcia Diaz prepared the Petition and is attempting to pursue this case on Yunior Andres Garcia Montero's behalf. (ECF Nos. 1:1, 1-3). But Marioly Francys Garcia Diaz is not an attorney and so she cannot represent Yunior Andres Garcia Montero or file documents on his behalf. *See, e.g.*, *Williams*, 1999 WL 34856, at *5 ("Since Mr. Shaffer does not qualify as a 'next friend,' as a lay person he may not participate in the unauthorized practice of law by filing petitions and briefs on behalf of another in violation of state and federal provisions governing the practice of law."). The Court may also

dismiss the petition on this basis. *See id.* (holding the petitioner was "not entitled to have an unlicensed lay person 'represent' him in . . . the district court").

## IV.   CONCLUSION

Yunior Andres Garcia Montero did not sign the Petition and Marioly Francys Garcia Diaz has not shown she was authorized to sign or submit the Petition on Yunior Andres Garcia Montero's behalf or that she is an attorney representing Yunior Andres Garcia Montero.

IT IS THEREFORE ORDERED that Yunior Andres Garcia Montero and/or Marioly Francys Garcia Diaz are ordered to show cause as to why the Petition should not be dismissed for failure to establish next friend status. Explanations and evidentiary support should be provided, as described above. If Marioly Francys Garcia Diaz continues to seek next friend status, she also must either retain counsel or show cause as to why she may proceed pro se as next friend for Yunior Andres Garcia Montero. *See Bermudez Salas v. Figueroa*, No. CIV-26-178-D, 2026 WL 315066, at *2 (W.D. Okla. Feb. 5, 2026) (explaining that "even if [a pro se next friend] were recognized as Petitioner's next friend, she could not represent Petitioner or sign filings on her behalf, and would have to employ counsel to do so").

In the alternative, Yunior Andres Garcia Montero may sign the Petition or submit for filing an Amended Petition that he has personally signed and verified. Yunior Andres Garcia Montero and/or Marioly Francys Garcia Diaz shall comply with this Order on or before **April 23, 2026**. Failure to comply with this Order may result in the dismissal of this action. The Clerk of Court shall send Petitioner a copy of the Petition. (ECF No. 1).

Failure to comply with this Order may result in the dismissal of this action without prejudice to re-filing.

**IT IS SO ORDERED** on April 9, 2026.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE