**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **YUNIOR ANDRÉS GARCÍA MONTERO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-708-G** |
| | ) | |
| **WARDEN, Cimarron Correctional Facility, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

On April 20, 2026, Petitioner Yunior Andrés García Montero filed an Amended Petition for Writ of Habeas Corpus (Doc. No. 12) challenging his detention by U.S. Immigration and Customs Enforcement ("ICE") pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Shon T. Erwin for preliminary review. Certain Respondents filed an Answer (Doc. No. 21), to which Petitioner replied (Doc. No. 22).[1]

On August 5, 2026, Judge Erwin issued a Report and Recommendation ("R. & R.," Doc. No. 25), recommending that the Amended Petition be granted in part. Respondents filed an Objection (Doc. No. 26) to the R. & R., and Petitioner filed a Response (Doc. No. 27).

Pursuant to controlling authority, the Court reviews de novo the portions of the R.

---

[1] The appearing respondents are: Todd Blanche, United States Attorney General; Markwayne Mullin, Secretary of U.S. Department of Homeland Security; and Robert Cerna, ICE Dallas Field Office Director of Enforcement and Removal.

& R. to which specific objection has been made. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

*I. Background*

Petitioner is a citizen of Venezuela who entered the United States in September 2022. R. & R. at 2. Petitioner was arrested by an officer of the Eufaula Police Department on February 1, 2026. *Id.*; Am. Pet. at 3.

On June 2, 2026, the Department of Homeland Security ordered Petitioner to be removed from the United States; Petitioner's appeal of that order is pending. R. & R. at 3. Petitioner is currently detained in the Cimarron Correctional Facility in Cushing, Oklahoma. *Id.*; Am. Pet. at 2.

In the Amended Petition, Petitioner argues that his arrest and ongoing detention violate his constitutional rights. *See* Am. Pet. at 4-6; R. & R. at 3.

*II. The Report and Recommendation*

Respondents assert that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). *See* Answer at 2, 3-6. Judge Erwin determined in relevant part that 8 U.S.C. § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See* R. & R. at 4-7. Accordingly, Judge Erwin concluded that Petitioner is entitled to relief due to violation of the Immigration and Naturalization Act ("INA"), 8 U.S.C. §§ 1101 et seq. *See* R. & R. at 7-8.

The R. & R. relies upon *Santillan Quiroz v. Mullin*, in which the Tenth Circuit held that § 1225(b)(2)(A)'s mandatory-detention requirement "applies only to [noncitizens] seeking admission" at the border of the United States. *Santillan Quiroz*, 180 F.4th 1226,

1239 (10th Cir. 2026); *see* R. & R. at 5-7. The Tenth Circuit further held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are," instead, "usually subject to § 1226(a) (and thus eligible for bond)." *Santillan Quiroz*, 180 F.4th at 1237; *see also id.* at 1232, 1251 (concluding that the petitioner, who was detained at a traffic stop in the interior of the country, was "eligible for release" and "entitled to a bond hearing").

Respondents' Objection correctly states that *Santillan Quiroz* is controlling in this case. *See* Resp't's Obj. at 1. Here, as in *Santillan Quiroz*, Petitioner was taken into custody in the interior of the United States after having entered the country. Am. Pet. at 3; *see Santillan Quiroz*, 180 F.4th at 1233. And, as in *Santillan Quiroz*, Petitioner has been held in detention without a bond hearing or other "opportunity to argue for release." *Santillan Quiroz*, 180 F.4th at 1234; *see* Am. Pet. at 5. Accordingly, the mandatory-detention requirement of § 1225(b)(2)(A) is inapplicable. *See Santillan Quiroz*, 180 F.4th at 1246-51. Because Petitioner "can properly be subject to detention under § 1226(a)," he is entitled to a bond hearing. *Id.* at 1251 n.13.[2]

CONCLUSION

In accordance with the above, the Report and Recommendation (Doc. No. 25) is ADOPTED in relevant part.

IT IS THEREFORE ORDERED:

[2] Because the Court finds that habeas relief is warranted on this basis, the Court need not address Petitioner's remaining claims or the remainder of the R. & R. *See Ghaly v. Figueroa*, No. CIV-26-616-G, 2026 WL 2474438, at *2 & n.3 (W.D. Okla. Aug. 21, 2026).

1. The Amended Petition for Writ of Habeas Corpus (Doc. No. 12) is GRANTED as to relief based upon violation of the INA.
2. Respondents are ORDERED to, within seven (7) days of the date of this Order, either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner into the United States.
3. Petitioner's remaining claims for relief are DISMISSED without prejudice.
4. Petitioner's pending Motions (Doc. Nos. 14, 16, 17, 23, 28) are DENIED AS MOOT.
5. Respondents shall file a declaration with the Court pursuant to 28 U.S.C. § 1746 within ten (10) days of the date of this Order affirming either that a bond hearing was conducted or that Petitioner was released from detention into the United States.
6. The Court will separately enter judgment but retains jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED this 10th day of November, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge